FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

DarrasLaw

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:   (909) 390-3770
Facsimile:   (909) 974-2121

Attorneys for Plaintiff
GABRIEL HOLGUIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| GABRIEL HOLGUIN, | |
|---|---|
| Plaintiff, | COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |
| vs. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and RADIOLOGY PARTNERS INC. HEALTH AND WELFARE PLAN, | |
| Defendants. | |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes, and thereon alleges that the Defendant plan named RADIOLOGY PARTNERS INC. HEALTH AND WELFARE PLAN ("Plan") is an employee welfare benefit plan established and maintained by The Prudential Insurance Company of America to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, GABRIEL HOLGUIN ("Plaintiff") with income protection in the event of a disability, and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, authorized to transact and transacting the business of insurance in this state, and the Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant PRUDENTIAL, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about May 13, 1901, PRUDENTIAL has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a citizen and resident of California, an employee of Radiology Partners, Inc. Company of America, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under Group Insurance Contract Number G-53011-CA ("the Policy") that had been issued by Defendant PRUDENTIAL to the eligible participants and beneficiaries of the Plan, including Plaintiff. The Policy is attached hereto as Exhibit "A."

8. The Plan provides a monthly benefit equivalent to sixty percent (60%) of Plaintiff's monthly earnings less deductible sources of income, following a 90-day

elimination period in the event of a disability.

9. The Plan defines "Disabled" as: "You are totally disabled when as a result of your sickness or injury: you are unable to perform with reasonable continuity the substantial and material acts necessary to pursue your usual occupation; and you are not working in your usual occupation."

10. Prior to his disability, Plaintiff was working as Patient Account Representative for Radiology Partners, Inc.

11. Plaintiff became disabled under the terms of the Plan on or about May 20, 2019.

12. Plaintiff timely submitted a claim to PRUDENTIAL for payment of disability benefits.

13. Plaintiff's disability claim was supported by nurse practitioners who had personally examined him before opining he was disabled.

14. On or about September 24, 2019, PRUDENTIAL unreasonably and unlawfully denied Plaintiff's long term disability benefits. Plaintiff timely appealed PRUDENTIAL's denial.

15. On or about November 20, 2019, PRUDENTIAL unreasonably and unlawfully upheld its denial of Plaintiff's long term disability claim.

16. On or about August 8, 2020, PRUDENTIAL again unreasonably and unlawfully upheld its denial of Plaintiff's long term disability benefits.

17. In so doing, PRUDENTIAL unreasonably and unlawfully relied upon the opinions of doctors and medical review vendors who are repeatedly retained by PRUDENTIAL and who were financially biased.

18. Additionally, PRUDENTIAL knew, or should have known, that the documentation submitted to and obtained by PRUDENTIAL substantiated Plaintiff's disability, including, but not limited to, the following:

19. On or about June 1, 2019, Plaintiff was evaluated by Nurse Practitioner Brandon Uribe ("NP Uribe") and reported severe depression and sleep disorders

affecting his job performance.

20. On or about August 7, 2019, NP Uribe recommended Plaintiff take time off work to allow for medication and treatment.

21. On or about September 19, 2019, after PRUDENTIAL denied Plaintiff's claim, NP Uribe wrote, "I respectfully disagree with his claim being denied…I think he would benefit from having some time off work and the support of disability to focus on his mental health treatment."

22. On or about October 18, 2019, NP Uribe stated Plaintiff was "not responding to treatment. Returning to work not feasible at this time."

23. On or about July 13, 2020, Nurse Practitioner P. John Baldrias stated Plaintiff's diagnosis "impairs ability to focus, adjust to work stressors, and effectively complete work duties," and opined Plaintiff "was unable to maintain employment."

24. Based upon the substantial medical evidence in the possession of PRUDENTIAL at the time of the denial, including the certifications of disability by the only medical professionals who conducted direct and consistent evaluations of Plaintiff, PRUDENTIAL'S decision to deny disability insurance benefits was wrongful and contrary to the terms of the Plan.

25. To date, even though Plaintiff has been disabled, PRUDENTIAL has not paid Plaintiff any disability benefits under the Policy since on or about September 6, 2019. The unlawful nature of PRUDENTIAL's denial decision is evidenced by, but not limited to, the following:

- PRUDENTIAL engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed his file; and, failing to timely advise Plaintiff of what specific documentation it needed from him to perfect his claim; and
- PRUDENTIAL ignored the clear evidence of disability, combed the record and took selective evidence out of context as a pretext to deny

    Plaintiff's claim; and,

- PRUDENTIAL ignored the opinions of Plaintiff's treating nurse practitioners and/or misrepresented the opinions of Plaintiff's treating nurse practitioners. Deference should be given to the treating nurse practitioner opinions as there are no specific, legitimate reasons for rejecting the treating opinions which are based on substantial evidence in the claim file. Further, PRUDENTIAL's financially conflicted doctor's opinion does not serve as substantial evidence, as it is not supported by evidence in the claim file nor is it consistent with the overall evidence in the claim file.

26. For all the reasons set forth above, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, contrary to the evidence, contrary to the terms of the Plan, and contrary to law.

27. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials"; and it supplements marketplace and regulatory controls with judicial review of individual claim denials.

28. As a direct and proximate result of PRUDENTIAL's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about September 6, 2019, to the present date.

29. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees and costs to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

30. A controversy now exists between the parties as to whether Plaintiff is

disabled as defined in the Plan.  Plaintiff seeks the declaration of this Court that he meets the Plan definition of disability and consequently he is entitled to all benefits from the Plan to which he might be entitled while receiving disability benefits and reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present.  In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about September 6, 2019, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plaintiff which he might be entitled while receiving disability benefits and reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to future disability payments/benefits so long as he remains disabled as defined in the Plan;

3. For reasonable attorney fees and costs incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: January 26, 2021

DarrasLaw

_____
FRANK N. DARRAS
SUSAN B. GRABARSKY
Attorneys for Plaintiff
GABRIEL HOLGUIN